# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ZACHARY BOLLIN,
        Appellant,

        v.

DEPARTMENT OF VETERANS
  AFFAIRS,
        Agency.

DOCKET NUMBER
DA-3443-16-0106-I-2

DATE: January 19, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Zachary Bollin</u>, San Antonio, Texas, pro se.

<u>Sandra A. Cawley</u>, Esquire, Houston, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant was employed by the agency as a Police Officer in San Antonio, Texas. *Bollin v. Department of Veterans Affairs*, MSPB Docket No. DA-3443-16-0106-I-1, Initial Appeal File (IAF), Tab 6 at 40. On July 18, 2014, the agency issued a decision removing the appellant from his position based on charges of failure to follow a direct order and failure to follow supervisory instruction, effective July 24, 2014. *Id.* at 8-11. Prior to the effective date of the removal, the parties entered into a last chance settlement agreement. *Id.* at 12-15. Under the terms of the agreement, the agency agreed to hold the removal action in abeyance for a 2-year period, beginning on July 24, 2014, and purge the removal and agreement from the appellant's agency file upon completion of the 2-year period. *Id.* at 14. In exchange, the appellant served a 14-day suspension and agreed that, should he "engage[] in any substantiated misconduct" or violate any other term of the agreement within the 2-year period, then the agency would reinstate the removal action and immediately remove him from his position. *Id.* at 12-13. The agreement also provided that the appellant waived any right to appeal the removal to the Board. *Id.* at 13.

¶3    On October 9, 2015, the agency issued the appellant a removal notice for violating the last chance settlement agreement, effective upon his receipt of the notice. *Id.* at 28-29. The agency informed the appellant that he had violated the agreement because, during his tour of duty spanning September 2 and 3, 2015, he was 20 minutes late in departing for firearms training and stopped at a McDonald's drive-thru to purchase food on the way to the training, which constituted an unreasonable delay in carrying out instructions and an unauthorized use of a Government vehicle. *Id.* at 28. The appellant received the removal notice on October 13, 2015. IAF, Tab 1 at 4.

¶4    On November 29, 2015, the appellant filed a Board appeal alleging that, in effecting his removal, the agency committed harmful procedural errors and prohibited personnel practices, and retaliated against him for filing a previous appeal, complaints, and grievances. *Id.* After affording the appellant his requested hearing, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction. *Bollin v. Department of Veterans Affairs*, MSPB Docket No. DA-3443-16-0106-I-2, Refiled Appeal File (RAF), Tab 25, Initial Decision (ID). Specifically, the administrative judge found that the appellant breached the agreement by engaging in substantiated misconduct, and he voluntarily waived the right to appeal his removal to the Board; thus the Board lacked jurisdiction over the appeal. ID at 11-12.

¶5    The appellant has filed a petition for review challenging the initial decision. *Bollin v. Department of Veterans Affairs*, MSPB Docket No. DA-3443-16-0106-I-2, Petition for Review (PFR) File, Tab 1. The agency has not filed a response. As set forth below, we find the appellant's arguments to be without merit.[2]

---

[2] The initial appeal appears to be untimely, but we do not reach this issue because we agree with the administrative judge that the Board lacks jurisdiction over this matter and affirm the dismissal of the appeal for lack of jurisdiction.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6  The Board lacks jurisdiction over an action taken pursuant to a last chance settlement agreement in which an appellant waives his right to appeal to the Board. *Rhett v. U.S. Postal Service*, 113 M.S.P.R. 178, ¶ 13 (2010). To establish that a waiver of appeal rights in a last chance settlement agreement should not be enforced, an appellant must show one of the following: (1) he complied with the agreement; (2) the agency materially breached the agreement or acted in bad faith; (3) he did not voluntarily enter into the agreement; or (4) the agreement resulted from fraud or mutual mistake. *Id.* If an appellant raises a nonfrivolous factual issue of compliance with a settlement agreement, the Board must resolve that issue before addressing the scope and applicability of a waiver of appeal rights in the agreement. *Id.*

¶7  On review, the appellant challenges the credibility findings that the administrative judge made in concluding that he did not show that he was in compliance with the last chance settlement agreement; in particular, he argues that the administrative judge failed to consider that the police officer that investigated his misconduct was not credible because he conducted the investigation during a period in which his police duties were suspended. PFR File, Tab 1 at 2-3. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Although the Board may decline to defer to an administrative judge's credibility findings that are abbreviated, based on improper considerations, or unsupported by the record, *Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 13 (2001), it may not overturn an administrative judge's demeanor-based credibility findings merely because it disagrees with those findings, *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372 (Fed. Cir. 2016). In making credibility findings regarding the testimony of each witness, the administrative judge discussed the pertinent factors set forth in

*Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).[3]  Although the administrative judge did not explicitly mention the investigator's suspension of duties, her failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).  Here, the administrative judge set forth her reasoning as to why she found the appellant's version of events incredible and the testimony of other police officers, including the investigator, to be credible, and her findings are supported by the record.  ID at 9-11.  Moreover, the appellant has not indicated how the investigator's suspension of duties affected the outcome of the investigation or his appeal.  Accordingly, we discern no reason to disturb the administrative judge's findings.

¶8        The appellant also argues that the administrative judge improperly denied the admission of an e-mail into the record, which the appellant alleges proves that the investigator did not complete a thorough investigation, and improperly denied one of his witnesses.  PFR File, Tab 1 at 3, 5.  During the proceedings below, the appellant did not seek to admit any documents into evidence that were not already contained in the record.[4]  Additionally, the record reflects that the administrative

---

[3] In *Hillen*, the Board found that to resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version she believes, and explain in detail why she found the chosen version more credible, considering such factors as:  (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent probability of the witness's version of events; and (7) the witness's demeanor.  *Hillen*, 35 M.S.P.R. at 458.

[4] During the hearing, the appellant's representative showed the investigator a document for impeachment purposes, which may have been the e-mail to which the appellant refers, but he did not seek to have the document admitted into evidence.  RAF, Tab 24, Hearing Compact Disc (testimony of the investigator).

judge approved each party's requested witnesses to testify, and the appellant did not request that the witness in question be permitted to testify. IAF, Tab 11 at 2.

¶9    Finally, the appellant renews arguments he made below, including that his body had a negative reaction to a food he consumed before entering on duty the night of the firearms training, McDonald's was all that was available to him to stop for food en route to training, other staff also had stopped for food on duty, and his delay did not affect the training. PFR File, Tab 1 at 4-7. Upon reviewing the record and the administrative judge's findings, we agree, for the reasons stated in the initial decision, that the appellant failed to establish that he did not commit the alleged misconduct.[5]    To the extent the exhibits the appellant submitted on review are not in the record, he has not shown that they were unavailable, despite his due diligence, before the record closed, and we decline to consider them. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (providing that under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed, despite the party's due diligence). Accordingly, we affirm the initial decision dismissing the appeal for lack of jurisdiction.

---

[5] The appellant's renewed arguments are not relevant to whether he committed substantiated misconduct and was thus not in compliance with the last chance settlement agreement. In an ordinary action brought under Title 5 of the United States Code, chapter 75, the appellant's arguments could be considered as mitigating factors to the removal penalty; however, here, the appellant waived his right to contest the penalty of removal before the Board. IAF, Tab 6 at 13; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981) (articulating a nonexhaustive list of factors to be considered when evaluating the penalty to be imposed for an act of misconduct, including mitigating factors surrounding the offense). Moreover, there is no indication that the agency acted in bad faith or otherwise took an arbitrary or capricious action in removing the appellant, particularly because he did not provide evidence of a medical condition or illness, or that such illness resulted in the misconduct at issue. *Cf. May v. U.S. Postal Service*, 50 M.S.P.R. 654, 659 (1991) (finding that the record presented a legitimate factual issue of whether the appellant breached the terms of the settlement agreement when he argued that the agency removed him in bad faith because his illness was an unforeseen circumstance, and the agency approved his leave requests).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.